Birarnr, J.
 

 The title derived by the- defendant, under the-sale and deed made by the clerk and- master, was impeached in the argument on two grounds. The first is, that the purchase was made by James S. Campbell, and5 by his order the deed was made to Baker. The objection is-founded on the idea, that the master has a-special authority to convey under the decree and the statute, and- the decree is for a conveyance to the “ purchaser” at the master’s sale ; and that, therefore, it must be
 
 to him
 
 alone. But the language of the acts, directing sheriffs to convey land sold under execution, is much the same, and it has been- frequently decided, that a conveyance to another, by the direction of the purchaser, was sufficient to pass the land;
 
 Smith v. Kelly,
 
 3 Murph.
 
 507; Testerman
 
 v.
 
 Poe,
 
 2 Dev. and Bat. 103. The Court thinks-this case stands on the same reason with those. It is a question between the purchaser and the master, and.his- bargainee; and, if the conveyance was improperly made, application to correct it, should be made by the purchaser to the court of equity, which made the order for-the conveyance.
 

 The second ground is, that the petition, for the sale of the-land, was filed in the name of the infants, by their next friend, whereas, it ought to have been in the name of their guardian» If this objection were well founded, generally, it could not have any effect in this action, because these infants had not
 
 *258
 
 the legal title to the land, but it -was in their trustee, who was also a party to the petition. But the Court is of opinion that it could not, in any case, affect the title. We will not say that a sale, under a petition in the guardian’s own name, would not be good. The act may, by force of its terms, sustain it, and, generally speaking, it seems unsafe to decree a sale of the land of infants, except on the application of the guardian, as a responsible person, under bonds for his fidelity. But, certainly, if the guardian does apply, it is most regular and proper that the petition should be in the name of the infants themselves, by him as guardian; because the title is in them, and the statute makes the decree and deed pass the title vested in the parties to the suit. Nor do we think that the sale is vitiated by the fact, that the petition is in the names of the infants by a next friend. In the first place, it is the course of the court of equity to sustain suits by infants by
 
 jproohem ami,
 
 without regard to their guardianship, because he is under the control of the court, and, if he misdemeans himself in conducting the case, the court, being charged with the care of the infants, will remove him and appoint a fit person to protect the infants; and the statute, in authorising the court of equity to act on the application of the guardian, is not to be considered as ousting the prior jurisdiction of the court, or changing its usual course of proceeding. This is believed to have been constantly the understanding of the profession, and it would be mischievous, at this day, to hold otherwise, as many titles aré derived under decrees upon petitions brought in the names of infants by their next friend, or their guardian. But, at all events, the regularity of the proceedings in the court of equity cannot be called in question here ; but that- court is the exclusive judge of its own course,'and its determination conclusive as to every matter within its jurisdiction. That subject was, however, so fully considered in the- case of
 
 Williams
 
 v.
 
 Harrington,
 
 11 Ired. 616, as not to require further observation now. Upon the ground taken in the argument, therefore, the opinion of the Goúrt -is against the •plaintiff.
 

 
 *259
 
 There is'another point, however, which is not so clear, and on which the Court has felt considerable difficulty. This is not a case of a sale of the land of tenants in common for partition, nor of infants seized of the land. The title was vested in a trustee for Mrs. Campbell during her life, and then for her children, the infants, who have now arrived at full age, and with the heirs of the trustee, are the lessors of the plaintiff. The purpose of the proceedings in Equity was to obtain a sale of the premises, with the avowed object of investing the proceeds in other real estate, and the bill was brought by the trustee, Mrs. Campbell and her children. Our doubt has been, whether the conveyance of the trustee himself was not necessary to pass his .legal title, as the case is not literally within any of the acts of Assembty which direct the sales of land and authorise the master or a commissioner to convey, under the direction of the Court. It is not questioned, that the court of equity may change investments in trust for a married woman, or for infant
 
 eest/im que trust,
 
 and that it is proper the trustee should be a party to the cause; and it is not supposed that a court of law can question the decree as to its correctness upon the rights of the parties to it. But as a decree, properly, is
 
 in personam,
 
 and does not divest the legal title, a doubt arose, whether the title of the trustee could be passed but by his own deed. The question is not free of difficulty. But, after some hesitation, the Court holds that the deed of the master is sufficient. The ground on which we go, is, that the Court might have decreed that the trustee should convey, and his deed would have been sufficient; and that the act of 1836, Rev. Code, ch. 32, sec. 23, enacts that in all cases of a sale -under a decree of a court of equity, where the master shall be authorised by a decree in the cause to convey, his deed shall be effectual to convey to the purchaser such title, interest and estate, as the party of -record- owning the same had therein ; which seems to be broad. enough to cover every case.
 

 
 *260
 
 The judgment must therefore be reversed and judgment rendered for the defendant,, on the ease agreed.
 

 Pee CüRXAm, Judgment reversed.